IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Carol Ann Tufts, | ) | Civil Action No.: 1:16-cv-00698-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| Medtronic, Inc. and Medtronic USA, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on Plaintiff Carol Tufts' ("Plaintiff") and Defendants Medtronic, Inc. and Medtronic USA, Inc.'s ("Defendants") Consent Motion to Amend/Alter ("Consent Motion") the court's March 21, 2017 Judgment (ECF No. 20). (ECF No. 25.) For the reasons stated below, the court **GRANTS** the Motion.

I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On March 11, 2016, Defendants filed a Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) because her claims were allegedly preempted by federal law. (ECF No. 5.) On March 21, 2017, the court granted Defendants' Motion to Dismiss with prejudice. (ECF No. 19.) The court's Order noted that Plaintiff had failed to secure replacement counsel (*see* ECF Nos. 13, 14) and had failed to respond to the Motion to Dismiss but, nonetheless, proceeded to decide the Motion on the merits. (*Id*.) On the same day, the court entered judgment in favor of Defendants in accordance with the Order. (ECF No. 20.) On June 5, 2016, the parties jointly filed a Consent Motion to Amend/Alter the judgment pursuant to Fed. R. Civ. P. 60. (ECF No. 22.) On June 12, 2017, the court filed a Text Order denying the Consent Motion without prejudice for failure to "sufficiently [ ] address the standards for granting Rule 60(b) relief" and because of the "courts [inability] to determine that [amendment/alteration] is warranted for the single,

undeveloped reason offered by the parties." (ECF No. 23.) The parties refiled their Consent Motion to Amend/Alter Judgment on September 27, 2017, with a Memorandum in Support. (ECF Nos. 25, 25-1.)

## II. JURISDICTION

Plaintiff filed her initial Complaint in the Court of Common Pleas for Aiken County (South Carolina), and Defendants removed the case to this court. (ECF Nos. 1, 1-1.) The court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 as complete diversity exists between the parties and the amount in controversy exceeds $75,000. (ECF No. 1 at 3-6 ¶¶ 8-19.) *See also* (ECF Nos. 1-1 at 7 ¶¶ 1-3.)

## III. LEGAL STANDARD

"[B]efore a party may seek relief under Rule 60(b), a party first must show timeliness, a meritorious defense, a lack of unfair prejudice to [any] opposing party, and exceptional circumstances.[1] After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (citing *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). A court may relieve a party from a final judgment under Rule 60(b) for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or

---

[1] ". . . 'exceptional circumstances,' is sometimes noted." *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993). The court will discuss whether there has been "exceptional" or "extraordinary" circumstances in its analysis of the Rule 60(b)(6) ground for relief.

discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." A motion under this rule must be made within a reasonable time, and relief under reasons (1), (2), and (3) is not available after one year from the entry of the judgment. Fed. R. Civ. P. 60(c)(1).

To obtain relief under Rule 60(b)(1), a party must demonstrate *inter alia* that he was not at fault and that the non-moving party will not be prejudiced by the relief from judgment. *Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 132 (4th Cir. 1992).

Relief under Rule 60(b)(6) requires a showing of "extraordinary circumstances." *Aikens v. Ingram*, 652 F.3d 496, 510 (4th Cir. 2011) (citing *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 118 n.2 (4th Cir. 2000)). Rule 60(b)(6) provides a "grand reservoir of equitable power to do justice in a particular case." *Eberhardt v. Integrated Design & Const., Inc.*, 167 F.3d 861, 872 (4th Cir. 1999) (citing *Compton v. Alton S.S. Co.,* 608 F.2d 96, 106–07 (4th Cir. 1979)).

## IV. ANALYSIS

As to the threshold requirements for relief under Rule 60(b), the court's Order and Judgment were filed on March 21, 2017 (ECF Nos. 19, 20), and the Consent Motion was timely filed on September 27, 2017. (ECF No. 25.) Secondly, the parties assert that ". . . Plaintiff, if given the opportunity to amend her Complaint, would present a meritorious defense[2] to Defendants' Motion to Dismiss." (ECF No. 25-1 at 4.)[3] Lastly, as to the lack of unfair prejudice

---

[2] *See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.,* 843 F.2d 808, 812 (4th Cir. 1988) ("[a] meritorious defense requires a proffer of evidence which would permit a finding for the [movant] or which would establish a valid counterclaim.") (citing *Central Operating Co. v. Utility Workers of America,* 491 F.2d 245, 252 n. 8 (4th Cir. 1974)).

[3] "Plaintiff's Counsel have successfully defended motions to dismiss filed by Defendants in similar actions concerning Defendants' SynchroMedII devices. *See* [ ] *Silver v. Medtronic, Inc.*, 236 F. Supp. 3d 889, 902 (M.D. Pa. 2017) [(Negligence claim was not dismissed).]" (ECF No. 25-1 at 4.)

3

to an opposing party, the parties have joined in a Consent Motion and agree that the Judgment dismissing Plaintiff's case should be amended to dismissal without prejudice, in contemplation of her joining a broader group of cases involving Defendants. (*Id.* at 4.) The parties assert that "neither party will be prejudiced by this amendment." (*Id.*)

Plaintiff's original counsel's Motion to Withdraw was granted on December 16, 2016, and the court gave Plaintiff ninety (90) days to secure new counsel. (ECF No. 14.) The court's March 21, 2017 Order granting Defendants' Motion to Dismiss noted that Plaintiff had not secured new counsel, as there was no record of Plaintiff's alleged new attorney making an appearance in the case. (ECF No. 19 at 1-2.) Moreover, Plaintiff signed the Consent Motion as a *pro se* plaintiff. (ECF 25-1 at 7.) However, the parties assert that Plaintiff retained a new lawyer, and when this occurred, negotiations began with both parties contemplating a dismissal of the case without prejudice in return for tolling the statute of limitations ("Tolling Agreement"). (*Id.* at 1.)

The Consent Motion is brought under Fed. R. Civ. P. 60(b)(1) and (b)(6). (*Id.* at 2.) As to Rule 60(b)(1), the parties argue that there has been "excusable neglect" in that they ". . . [made an oversight and] failed to file the Tolling Agreement [and renewed motion to dismiss] before the court . . . entered an Order of dismissal with prejudice[.]" (*Id.* at 4.) Under Rule 60(b)(1), a party must demonstrate that he, she, or it is not at fault, and both parties admitted to making an oversight in not filing the Tolling Agreement and renewed motion to dismiss. *See Home Port Rentals, Inc.*, 957 F.2d at 132. In addition, neither party notified the court of any impending settlement agreements or moved to stay the court's judgment on the Motion to Dismiss until the agreement was completed.

The parties' attorneys neglected to inform the court about their negotiations or other progress in the case. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380,

4

388 (1993) ("[t]he word [neglect] therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness.") This neglect is not excusable, however, because "a lawyer's [ ] carelessness do[es] not present cognizable grounds for relief under [Rule] 60(b)[.]" *Evans v. United Life & Accident Insurance Co.*, 871 F.2d 466, 472 (4th Cir. 1989) (citing *Universal Film Exchanges, Inc. v. Lust*, 479 F.2d 573, 576-577 (4th Cir. 1973); *see also Robinson v. Wix Filtration Corp. LLC,* 599 F.3d 403, 413 (4th Cir. 2010) ("[a] party that fails to act with diligence will be unable to establish that his conduct constituted excusable neglect pursuant to Rule 60(b)(1)") (citing *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 177 (2d Cir. 2004)).

As to Rule 60(b)(6), there must be extraordinary circumstances for the court to amend or alter its ruling. *Aikens*, 652 F.3d at 510. "[E]xtraordinary circumstances [are those] that create a substantial danger that the underlying judgment was unjust." *Murchison v. Astrue,* 466 F. App'x 225, 229 (4th Cir. 2012) (citing *Margoles v. Johns,* 798 F.2d 1069, 1073 (7th Cir. 1986) (per curiam)). The parties argue that their entry into a "pre-judgment agreement" presents an extraordinary circumstance for which the court should afford relief. (ECF No. 25-1 at 5.) The parties assert that these negotiations did not begin until Plaintiff allegedly retained new counsel, and that ". . . [she] did not anticipate joining the broader group of cases prior to her newly retained counsel's involvement." (*Id*.)

The court has the discretion and authority to prevent an unjust result in a case, *see Klapprott v. United States,* 335 U.S. 601, 614-15 (1949) ("[Rule 60(b)(6)] vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice,")[4]

---

[4] *See also Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987) ("[W]e are mindful that 'the disposition of motions under Rule 60(b) ordinarily is a matter within the discretion of the

however, "Rule 60(b) affords an extraordinary remedy [only] available in narrow circumstances." *United States v. Campbell*, 862 F.2d 315 (Table), 1988 WL 119076, at *1 (4th Cir. Oct. 27, 1988).[5] The lawyers' "oversight" in not filing the Tolling Agreement resulted in the dismissal of Plaintiff's case with prejudice, precluding her from being able to refile her case and join the broader group of cases against Defendants.

In the court's discretion to prevent an unjust outcome for Plaintiff, the court finds that the failure to file the Tolling Agreement presents an extraordinary circumstance under Rule 60(b)(6). The parties consent to the court amending its March 21, 2017 Judgment (ECF No. 20), asserting that it would be "favorable to the Plaintiff" and that "[ ] amending the Judgment in this case to reflect a dismissal 'without prejudice,' would facilitate the parties' pre-judgment agreement and assist the parties as they work toward resolution of this and other similar matters." (ECF No. 25-1 at 4-5.)

## V. CONCLUSION

For the reasons stated above, the court **GRANTS** the parties' Consent Motion to Amend/Alter Judgment. (ECF No. 25.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 27, 2017
Columbia, South Carolina

---

district court which will not be disturbed on appeal absent a showing of abuse of that discretion.'") (citing *Werner,* 731 F.2d at 206).

[5] *See also Mayberry v. Maroney*, 529 F.2d 332, 337 (3d Cir. 1976) ("Rule 60(b)(6) confers no standardless residual discretionary power to set aside judgments on mere second thought.")